UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACIEL GUERRA JIMENEZ,

      Plaintiff,

    v.

MATHEW MORDANT, GARRETT
RIPA, TODD LYONS, SECRETARY
KRISTI NOEM, ATTORNEY
GENERAL PAMELA BONDI,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT OF HOMELAND
SECURITY (DHS),  EXECUTIVE
OFFICE FOR IMMIGRATION
REVIEW,

      Defendants.

Case No. 2:26-cv-451-KCD-NPM

## **ORDER**

Petitioner Jaciel Guerra Jimenez is an immigration detainee currently held at the Florida Soft-Side South Detention Facility—a state-run facility better known as Alligator Alcatraz. He wants out. To that end, Jimenez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his ongoing detention violates the Constitution. (Doc. 1.)[1] His petition casts a wide net. It names the facility's warden, Matthew Mordant, alongside a host of federal immigration agencies and officials. (*Id*. at 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Warden Mordant wants no part of this case. He has moved to dismiss the petition, arguing he is an improper respondent. (Doc. 9.) Mordant's logic is highly practical: while he manages the physical facility, he does so under a contract with U.S. Immigration and Customs Enforcement ("ICE"). In his view, ICE calls all the shots—ICE selects the detainees, ICE transports them, and ICE alone holds the legal authority to authorize their release. Because he is merely carrying out federal directives, Mordant insists he is just a functionary and the true custodian is ICE. (*Id.* at 5-10.) The Federal Respondents oppose the motion. (Doc. 15.) They readily concede that they are the ones litigating the merits of these cases and coordinating with ICE. But as a matter of pure law, they maintain Mordant is a necessary and proper party. (*Id.* at 4-6.)

Mordant's argument has a certain common-sense appeal, but it runs headlong into a firm rule of law. The federal habeas statute is short, simple, and direct. It tells a petitioner exactly who to sue: "the person who has custody over him." 28 U.S.C. § 2242. And it tells the court exactly who to direct the writ to: "the person having custody of the person detained." *Id.* § 2243. So when a habeas petitioner makes a "core" challenge to his present physical confinement, as here, the default rule is straightforward: the proper respondent is the warden of the facility where the prisoner is held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

2

The habeas statute is not concerned with who holds the ultimate legal authority. It targets the immediate custodian with the physical ability to unlock the cell door and produce the petitioner's body before the court. That eminently practical rule makes perfect sense, because if a court grants the writ, it is the facility's warden—not an agency director hundreds of miles away—who must actually comply by bringing the prisoner forward or letting him walk out the door. *See Rumsfeld*, 542 U.S. at 435 (noting the proper respondent is "the person with the ability to produce the prisoner's body before the habeas court"). Mordant is Jimenez's immediate physical custodian. That makes him a proper respondent to a petition demanding release, as here. *See, e.g.*, *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006).

Sometimes, as here, parties try to muddy the waters by pointing up the chain of command. They argue that some distant supervisory official holds the ultimate legal control over the detainee's fate. But if courts accepted that theory, the immediate custodian rule would collapse entirely. After all, you can play that game in almost every case. There is always someone higher up the pecking order—an agency director, the Attorney General, or even the President of the United States—who possesses the ultimate authority to order a prisoner released. The Supreme Court has therefore firmly rejected the "legal control" test for core habeas challenges. *Padilla*, 542 U.S. at 439.

3

The immediate custodian is the person with "day-to-day control" over the facility where the prisoner is housed. *Id.* The fact that an agency director in a distant office can authorize a petitioner's release does not magically transform that director into the petitioner's custodian. *See, e.g., Nken v. Napolitano*, 607 F. Supp. 2d 149, 159 (D.D.C. 2009).

Mordant also protests that, as a state official, he is ill-equipped to respond to the merits of a federal immigration dispute. It is unfair, he suggests, to force a local jailer to defend the federal government's detention policies. (Doc. 9 at 9-10.) But that argument confuses the role of a jailer with the role of a lawyer. The habeas statute demands the presence of the person who holds the petitioner in physical custody, not the person who is best positioned to draft a legal defense. If Mordant genuinely lacks the information necessary to justify Jimenez's ongoing detention, that is a reason to grant the writ and order the prisoner's release—not a reason to dismiss the proper respondent. *See* 28 U.S.C. § 2243. And as a practical matter, Mordant's concern about being left to defend federal policy is a phantom one. When a federal agency's interests are at stake, the Department of Justice steps in to litigate the merits, exactly as the Federal Respondents have done here. *See id.* § 516. Mordant does not need to master the intricacies of federal immigration law. He simply needs to be present to answer the writ if the Court orders him to unlock the door.

4

At bottom, the rules governing habeas corpus are as practical as the relief the writ provides. A petitioner seeking release from physical confinement must sue the person who actually holds him. *See Rumsfeld*, 542 U.S. at 434-35. Because Mordant exercises day-to-day control over the facility where Jimenez is currently detained, he is the immediate custodian. He is thus a proper respondent, and he must remain in this case. Mordant's Motion to Dismiss (Doc. 9) is **DENIED**.

   **ORDERED** in Fort Myers, Florida on March 25, 2026.

Kyle C. Dudek
United States District Judge