UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACIEL GUERRA JIMENEZ,

      Petitioner,

    v.

                           Case No. 2:26-cv-451-KCD-NPM

MATHEW MORDANT, GARRETT
RIPA, TODD LYONS, SECRETARY
KRISTI NOEM, PAMELA JO
BONDI,  IMMIGRATION &
CUSTOMS ENFORCEMENT (ICE),
DEPARTMENT OF HOMELAND
SECURITY (DHS),  EXECUTIVE
OFFICE FOR IMMIGRATION
REVIEW,

          Respondents,

                              /

## ORDER

Petitioner Jaciel Guerra Jimenez has moved the Court to alter its judgment under Fed. R. Civ. P. 59(e). (Doc. 20.) For the reasons below, the motion is **GRANTED**.

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment, effectively giving the court an opportunity "to rectify its own mistakes in the period immediately following its decision." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 738559, at *2 (M.D. Fla. Feb. 9, 2022). Several weeks ago, the Court denied Jimenez's habeas corpus petition. (Doc. 19.) At the time, the law

seemed straightforward enough: he was apprehended at the border back in 2022, making him an applicant for admission subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225. The Court told him then that his argument ran "headlong into the facts." (Doc. 19 at 4.) But as it turns out, that order has now run headlong into binding appellate precedent. The Eleventh Circuit has since changed the legal landscape, requiring a do-over here. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).

The facts are seemingly undisputed. After crossing the border in 2022, Jimenez was apprehended by border patrol and released into the country. Several years later—after living in the United States that entire time—he was arrested and placed in immigration custody. The Government argued, and the Court agreed, that his initial apprehension at the border permanently stamped him as an "arriving alien" under 8 U.S.C. § 1225. And once § 1225 attached, the thinking went, it never let go. (*See* Doc. 22.)

But the Eleventh Circuit's latest decision in this area now dictates a different result. *See Garcia v. Warden*, No. 2:26-CV-1143-KCD-NPM, 2026 WL 1345914, at *1 (M.D. Fla. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 2026 WL 1243395, at *14. Jimenez falls into the latter category since he is not seeking lawful entry. So,

2

the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

"[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Jimenez is an alien without lawful status. That means he is entitled to a bond hearing under § 1226(a), not immediate release or anything else. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will require the Government to provide Jimenez with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Motion to Alter Judgment (Doc. 20) is **GRANTED AS PROVIDED ABOVE**. The Clerk is directed to reopen the case and enter judgment in Jimenez's favor as per this order. The Court's prior order (Doc. 19) is vacated. The Government must provide Jimenez with the statutory process required under § 1226, which includes a bond hearing. All other or different relief sought in the habeas petition is **DENIED**. Once the new judgment is entered, the Clerk is directed to again close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge

3